# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NADINE WALKER,

        Plaintiff,

v.                                    Case No:   6:15-cv-1002-Orl-41KRS

GEICO INDEMNITY COMPANY,

        Defendant.

_____

## AMENDED REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after an evidentiary hearing on the following motions filed herein:

| MOTION: | PLAINTIFF'S MOTION TO DISQUALIFY GEICO'S COUNSEL, AND MOTION FOR SANCTIONS AGAINST GEICO AND ITS COUNSEL (Doc. No. 29) |
|---|---|
| FILED: | April 8, 2016 |

| MOTION: | PLAINTIFF'S RENEWED MOTION . . . FOR SANCTIONS AGAINST GEICO AND ITS COUNSEL (Doc. No. 67) |
|---|---|
| FILED: | June 6, 2016 |

## I.   BACKGROUND.

Plaintiff, Nadine Walker, alleges in her complaint that Defendant, GEICO Indemnity Company ("GEICO"), acted in bad faith by failing to settle the case of *Walker v. Condemarin*, a

_____

[1] Amended to correct a typographical error in the Recommendation regarding the docket number of the motion to disqualify.   The Clerk of Court is directed to terminate the original Report and Recommendation.

personal injury case filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Underlying Action") (Doc. No. 1-1, at 1-3).   In the Underlying Action, Walker alleged that Condemarin, driving an automobile insured by GEICO, injured her when Condemarin struck Walker while Walker was attempting to cross a street.   Doc. No. 1-1, at 1-2.   Walker was represented by Michael Sutton, Esq. of Morgan & Morgan in the Underlying Action.   In August 2008, GEICO tendered a check for the policy limits to Sutton in an effort to settle Walker's claim.   Doc. No. 1, at 3.   Walker rejected the settlement offer.   *Id.*   After a trial, a jury awarded Walker more than $3 million in the Underlying Action.   *Id.*

In the present case, Walker alleges that GEICO acted in bad faith by failing to settle the Underlying Action.   Doc. No. 1.   She is represented in this case by Fred Cunningham, Esq. and Gregory M. Yaffa, Esq., attorneys with Domnick Cunningham & Whalen (the "Cunningham Law Firm").   GEICO is represented in this case by B. Richard Young, Esq., Amanda L. Kidd, Esq., and Stephanie Ann McQueen, Esq., attorneys with Young, Bill, Boles, Palmer & Duke, P.A. (the "Young Law Firm").

The present dispute arises from the Cunningham Law Firm producing in discovery allegedly attorney-client privileged and work-product protected documents to the Young Law Firm. Pursuant to an order, counsel for the parties conferred and have agreed that Walker has made a *prima facie* showing that the documents listed on the Final Privilege Log (Doc. No. 67-10) are privileged or protected, as claimed.   Doc. No. 67, at 9.   Walker seeks an order disqualifying the Young Law Firm due to its review and use of some of these privileged and protected documents, as well as monetary sanctions.   Doc. Nos. 29, 67.   GEICO has responded to the motions.   Doc. Nos. 40, 68.

In a previous order, I found that the Cunningham Law Firm's production of privileged and protected documents was inadvertent.   Doc. No. 70.[2]   I permitted counsel to take discovery on the issue of disqualification and sanctions, and I held an evidentiary hearing on those issues on August 29, 2016.   After the hearing, with leave of Court, counsel for GEICO filed supplemental authorities, which I have reviewed.   Doc. Nos. 104-1, 104-2, 104-3.   The motion for disqualification and sanctions is ripe for resolution.

## II.   APPLICABLE LAW.

Under Florida law,

> [t]he receipt of an inadvertent disclosure warrants disqualification when the movant establishes that: (1) the inadvertently disclosed information is protected, either by privilege or confidentiality; and (2) there is a "possibility" that the receiving party has obtained an "unfair" "informational advantage" as a result of the inadvertent disclosure.   These two elements are, of course, interrelated, because only the inadvertent disclosure of privileged or confidential information can yield an "unfair" "informational advantage."   However, the fact that the inadvertently disclosed information is privileged or confidential, standing alone, does not automatically warrant disqualification.

*Moriber v. Dreiling*, 95 So. 3d 449, 454 (Fla. 3d Dist. Ct. App. 2012) (citing *Atlas Air, Inc. v. Greenberg Traurig, P.A.*, 997 So. 2d 1117, 1118 (Fla. 3d Dist. Ct. App. 2008) and *Abamar Hous. & Dev., Inc. v. Lisa Daly Lady Décor, Inc.*, 724 So. 2d 572, 573-74 & n. 4 (Fla. 3d Dist. Ct. App. 1998) ("*Abamar II*")).[3]   Nonetheless, the party seeking disqualification does not need to establish specific prejudice in order to justify disqualification.   *Abamar II*, 724 So. 2d at 573 (citing *Junger*

---

[2] GEICO filed an objection to that Order.   Doc. No. 81.

[3] Federal courts have applied Florida law to issues of attorney disqualification.   *See, e.g., Woods v. Covington Cty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976); *In re Banco Santos, S.A. v. Espirito Santo Bank*, Case No. 10-47543-BKC-LMI, 2014 WL 5655025, at *15-17 (S.D. Fla. Oct. 31, 2014); *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 861 F. Supp. 2d 1346, 1350 (S.D. Fla. 2012).   Because counsel in the present case are members of the Florida Bar, application of Florida law is appropriate.

*Util. & Paving Co., Inc. v. Myers*, 578 So. 2d 1117, 1119 (Fla. 1st Dist. Ct. App. 1989), and *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 154 (Fla. 1st Dist. Ct. App. 1995)).

To determine whether receiving counsel possibly gained an unfair informational advantage, courts look at the content of the inadvertent disclosure and the actions taken by the receiving lawyers upon their receipt of the inadvertent disclosure. *Moriber*, 95 So. 3d at 454 (citing *Atlas Air, Inc.*, 997 So. 2d at 1118). Courts reason that "it would be impossible to determine whether there is a possibility that the receiving attorneys obtained an unfair informational advantage without knowing how and to what extent they reviewed, copied, or disseminated the inadvertent disclosure." *Id.* (citing *Atlas Air, Inc.*, 997 So. 2d at 118-19). Additionally, courts note that "the actions of the receiving attorneys shed light on whether any informational advantage was obtained 'unfairly.'" *Id.* at 455 (quoting *Abamar II*, 724 So. 2d at 574 n. 4, and *Morse v. Clark*, 890 So. 2d 496, 497 (Fla. 5th Dist. Ct. App. 2004)).

An attorney who promptly notifies the producing party of the inadvertent disclosure of privileged and protected documents *and* immediately returns the inadvertently produced documents without exercising any unfair advantage will not be subject to disqualification. *Id.* (citing Rule 4-4.4(b) of the Rules Regulating the Florida Bar). Expanding this rationale to federal procedure, if an attorney complies with Federal Rule of Civil Procedure 26(b)(5)(B) without exercising any unfair advantage, disqualification would also not be appropriate.

"The party moving for disqualification of counsel bears the burden of proving grounds for disqualification." *Bedoya*, 861 F. Supp. 2d at 1350 (quoting *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1310 (S.D. Fla. 2010)). Because a party is presumptively entitled to counsel of its choice, disqualification should be ordered only for compelling reasons. *Id.*

### III.    STATEMENT OF FACTS.[4]

On September 23, 2015, GEICO served a request for production of documents that, *inter alia*, requested production of documents from the Underlying Action.   Doc. No. 67-1.   On November 13, 2015, Attorney Cunningham served a response to the request.[5]   Doc. No. 67-2.   He provided copies of responsive documents in Walker's possession, which included an attorney-client privileged communication from Attorney Sutton to Victor McClain, Walker's son and power-of-attorney.   Defendant's Ex. 4, at 10.   Attorney Cunningham stated that other responsive documents would likely be in the litigation file of Morgan & Morgan.   He stated that he anticipated that "the responsible parties will prepare a privilege log relating to said files."   *Id.* at 2.

Communications between counsel for the parties about production of the Morgan & Morgan litigation file from the Underlying Action ensued.   Doc. No. 67-3.   Attorney Kidd testified that counsel for the parties informally agreed that the Cunningham Law Firm would obtain the Morgan & Morgan litigation file from Attorney Sutton and that the Cunningham Law Firm would produce nonprivileged documents contained in that file.

On December 16, 2015, Attorney Yaffa called the Young Law Firm and advised that he had received the Morgan & Morgan litigation file from Attorney Sutton.   Doc. No. 67-3, at 4 (the "Sutton Litigation File").   The file was contained in nine banker's boxes.   *Id.*   Attorney Yaffa sent an email to Attorney Kidd that day asking if GEICO wanted all of the non-privileged documents, to which Attorney Kidd responded that "we will just go ahead and take it all."   *Id.* at 3.   Attorney

---

[4]  Because of the age of the motions, this Statement of Facts is based on my recollection of testimony at the evidentiary hearing as well as other evidence of record.   I advised counsel at the hearing that a party who objects to this Report and Recommendation must provide the Court with a transcript of the evidentiary hearing.

[5]  This response date was agreed to by counsel.   Doc. No. 67, at 3 n.2; Doc. No. 68, at 2.

Kidd requested that the file be scanned to a CD with optical character recognition ("OCR").   *Id.* at 2.

On December 16, 2015, Attorney Yaffa's legal assistant, Laura Sabbatino, sent the Sutton Litigation File to a copying service for Bates stamping and copying.   Doc. No. 67-5, at 3; Doc. No. 67-6, at 2.   The Cunningham Law Firm received the original and a complete copy of the Sutton Litigation File on December 28, 2015 from the copying service.   Doc. No. 67-5, at 3; Doc. No. 67-6, at 2.   On January 7, 2016, Attorney Yaffa discovered that the Sutton Litigation File had not been Bates stamped.   Ms. Sabbatino sent the file back to the copying service for Bates stamping that day. Doc. No. 67-5, at 3; Doc. No. 67-6, at 3.

On January 7, 2016, Ms. Sabbatino received an email from the Young Law Firm inquiring when they could expect to receive the Sutton Litigation File.   Doc. No. 67-6, at 3.

The Cunningham Law Firm received the file back from the copying service on January 13, 2016.   The file contained 17,326 documents.   Doc. No. 67-5, at 3.

On January 20, 2016, Ms. Sabbatino received another email from the Young Law Firm inquiring when the Sutton Litigation File would be delivered.   Doc. No. 67-6, at 3.   Ms. Sabbatino knew that the standard operating procedure for the Cunningham Law Firm was to have the assigned attorney review the litigation file in an underlying action and prepare a privilege log.   After that occurred, Ms. Sabbatino was to prepare a transmittal letter for an attorney to sign and the privilege log would be provided to opposing counsel.   *Id.* at 2; *accord* Doc. No. 67-4, at 2; Doc. No. 67-5, at 2.   Ms. Sabbatino admits that she did not follow this standard operating procedure.   Doc. No. 67-6, at 4.   Rather, "[f]eeling badly about the delay caused by the file not being [B]ates stamped originally when it was sent to the copy service," on January 20, 2016, Ms. Sabbatino emailed the Young Law Firm and advised that she would send the Sutton Litigation File on a CD to the law firm

via overnight mail.   *Id.* at 3.   Because she was in a rush, Ms. Sabbatino forgot that the privileged documents still needed to be removed, and she sent the entire file to the Young Law Firm.   *Id.* at 4. She did not copy Attorney Cunningham or Attorney Yaffa on the email she sent to the Young Law Firm advising that she would send the file.   Also contrary to the standard operating procedure, she drafted the transmittal letter for her own signature "in an effort to be efficient."   *Id.*   Neither Attorney Cunningham nor Attorney Yaffa had any idea that the complete Sutton Litigation File had been sent to the Young Law Firm on January 20, 2016.   Doc. No. 67-4, at 3-4; Doc. No. 67-5, at 4; Doc. No. 67-6, at 4.

Counsel for GEICO did not advise counsel for Walker upon receipt of the CD that the Young Law Firm had received the entire Sutton Litigation File.   *Cf.* Doc. No. 26, at 4 (Attorney Kidd represented that no documents appeared to have been withheld from the Sutton Litigation File and that no privilege log had been produced).   Attorney Kidd testified that she did not believe that attorney-client communications and work product contained in the Sutton Litigation File were produced inadvertently because (1) no privilege log was produced, (2) no objection was asserted to production of privileged and protected documents in response to the requests for production, and (3) she was aware that in other cases counsel had made the strategic decision to produce privileged and protected documents.

Attorney Kidd testified that she made a "scrolling review" of all of the documents in the Sutton Litigation File, which were contained in various folders on the CD.   She selected certain folders of documents to be printed for a more detailed review, but she did not recall at the hearing which documents were printed.[6]

---

[6] Pursuant to an earlier order, I required counsel for GEICO to submit to the Clerk of Court all of the information obtained from the Sutton Litigation File.   Doc. No. 41.   GEICO submitted large redwells

In an email dated March 1, 2016, Attorney Kidd advised a GEICO in-house attorney and a GEICO claims adjuster about information she learned from review of privileged and protected documents contained in the Sutton Litigation File.   Doc. No. 64 (documents submitted under seal with notice of compliance).

Meanwhile, between February 22, 2016 and March 7, 2016, an attorney with the Cunningham Law Firm reviewed the Sutton Litigation File to identify and flag all privileged documents.   Doc. No. 67-4, at 3.   Between March 8, 2016 and March 10, 2016, Attorney Yaffa also reviewed the entire Sutton Litigation File to ensure that all privileged documents were identified.   Attorney Yaffa then isolated the privileged documents and began to create a privilege log.   Doc. No. 67-5, at 3-4.

On March 15, 2016, counsel for GEICO requested a deposition of Attorney Cunningham. After learning of this request, Attorney Yaffa discovered for the first time that Ms. Sabbatino had sent the entire Sutton Litigation File, including privileged and protected documents, to the Young Law Firm.   He advised Attorney Cunningham of the disclosure of the entire Sutton Litigation File. Attorneys Cunningham and Yaffa then immediately called the Young Law Firm to discuss the disclosure, but Attorneys Kidd and Young were not available.   The next day, Attorney Yaffa sent a letter to the Young Law Firm demanding the return of the entire Sutton Litigation File.   Doc. No. 67-5, at 5.

Attorney Kidd responded to the letter on March 22, 2016, refusing to return the Sutton Litigation File because, she contended, the disclosure was not inadvertent.   Doc. No. 67-9, at 1. After conferring with Attorney Young, Attorney Kidd agreed to sequester the Sutton Litigation File

---

of printed documents and a CD, which are held by the Clerk of Court and available for review by the Court.

and "to not review or utilize the documents for a sufficient length of time so that the court can determine whether production of over 17,000 pages without a privilege log is considered to be a waiver." *Id.*

Attorney Kidd testified that she also directed GEICO to destroy her email communications discussing information from the Sutton Litigation File. In the course of complying with a subsequent Court order requiring the Young Law Firm to obtain from GEICO all documents that contained privileged or protected information from the Sutton Litigation File (Doc. No. 62), Attorney Kidd learned that documents containing the privileged and protected information were still held in GEICO's main claim file. She testified that GEICO representatives were able to take "screen shots" and provide Attorney Kidd with the information she filed with her notice of compliance (Doc. No. 64). It is not clear, however, whether GEICO was able to delete this information from the main claim file.

On March 25, 2016, Attorney Kidd filed a motion to compel Attorney Cunningham's deposition. In that motion, she disclosed the substance of some of the privileged and protected information contained in the Sutton Litigation File. Doc. No. 26, at 4, 9.[7] Both Attorney Kidd and Attorney Young testified that they considered this privileged and protected information to be important because it tended to prove GEICO's defense that Walker was not willing to settle the Underlying Action for the policy limits. *See* Doc. No. 97-2 (Attorney Young Depo.), at 37.[8]

---

[7] This motion has now been sealed by order of the Court. Doc. No. 69.

[8] During preparation for the evidentiary hearing, the Cunningham Law Firm included a protected document in its proposed exhibits. After Attorney Young inquired whether this disclosure was intentional, the Cunningham Law Firm withdrew the exhibit. Defendant's Exs. 40, 41, 42.

**IV.   ANALYSIS**.

   *A.     Disqualification of Counsel for GEICO*.

   As discussed above, in order to establish that disqualification of GEICO's counsel is appropriate, Walker must show that (1) the inadvertently disclosed information is protected, either by privilege or confidentiality, and (2) there is a possibility that the receiving party has obtained an unfair, informational advantage as a result of the inadvertent disclosure.   As stated above, counsel for the parties conferred and have agreed that Walker has made a *prima facie* showing that the documents listed on the Final Privilege Log are privileged or protected, as claimed.   Doc. No. 67, at 9.

   If the Court overrules the objections to my order finding that privileged and protected documents in the Sutton Litigation File were inadvertently disclosed, Walker has satisfied the first element necessary for disqualification.   However, if the Court finds that no privileged or protected documents were inadvertently disclosed, Walker has not carried her burden of establishing the first element for disqualification, and the motion to disqualify and for sanctions should be denied.

   Turning next to the unfair advantage element of disqualification, counsel for GEICO testified that they believe that they obtained an actual informational advantage from review of the inadvertently produced privileged and protected documents.   Specifically, they believed that a note Attorney Sutton made in Client Profiles about how to handle the check tendered by GEICO and discussions between Attorney Sutton and Attorney Cunningham about whether Walker should accept the check, the content of which discussions were memorialized in privileged communications between Attorney Sutton and Walker, tend to prove that Walker was unwilling to settle her claim within the applicable policy limits, as set forth in GEICO's fourth affirmative defense. Doc. No. 16, at 5.

Counsel for Walker argues that Attorney Kidd obtained this informational advantage unfairly in violation of Rule 4-4.4(b) of the Rules Regulating the Florida Bar and Rule 26(b)(5)(B). Doc. No. 67, at 15 (adopting by reference Doc. No. 27).   I will discuss these rules in turn.

Rule 4-4.4(b) provides: "A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent must promptly notify the sender."   Attorney Kidd argues that she did not actually know nor could she reasonably have known that privileged and protected documents in the Sutton Litigation File were inadvertently sent to her.   Attorney Kidd's testimony about her subjective belief is not credible.

Viewing the facts from an objective standpoint shows that Attorney Kidd knew and should have known that privileged [9] documents in the Sutton Litigation File were not intentionally disclosed.   Attorney Cunningham stated in response to GEICO's requests for production that he anticipated the responsible party would prepare a privilege log.   Attorney Yaffa confirmed in communications with Attorney Kidd that he would produce non-privileged documents in the Sutton Litigation File.   In light of these communications, Attorney Kidd knew that counsel for Walker did not intend to disclose attorney-client privileged communications.   Under the reasonably should-have-known test, Attorney Kidd could have readily determined whether the privileged and protected documents contained in the Sutton Litigation File were intentionally produced by a simple telephone call or email to counsel for Walker before she continued her review of the Sutton Litigation File, but she did not do so. Such willful blindness of opposing counsel's position regarding whether privileged and protected documents were intentionally disclosed, viewed from an objective

---

[9] As discussed in an earlier order, counsel for the parties in this case have used the term "privileged" to refer to both attorney-client privileged and work-product protected documents.   Doc. No. 70, at 10.

standpoint, provides further evidence that Attorney Kidd reasonably should have known that privileged and protected documents in the Sutton Litigation File were inadvertently produced. For these reasons, Rule 4-4.4(b) does not protect the Young Law Firm from disqualification.

Similarly, Attorney Kidd did not comply with Rule 26(b)(5)(B). Pursuant to this rule, after counsel for Walker informed counsel for GEICO that they contended some of the information in the Sutton Litigation File was privileged and protected, counsel for GEICO was required to "promptly return, sequester, or destroy" the specified information and any copies they had, and they were prohibited from "use or disclos[ure] of the information" until the privilege and protection claims were resolved. At the direction of Attorney Young, Attorney Kidd sequestered the Sutton Litigation File. Nevertheless, she used and disclosed privileged and protected information contained in the Sutton Litigation File in the motion to compel Attorney Cunningham's deposition. Doc. No. 26, at 4 (also Plaintiff's Ex. 29). This blatant violation of Rule 26(b)(5)(B) establishes that counsel for GEICO unfairly gained an informational advantage by use of the privileged and protected information after the Cunningham Law Firm notified the Young Law Firm that it contended privileged and protected information had been inadvertently produced.

For these reasons, I recommend that the Court find that Walker has sustained her burden of establishing that the Young Law Firm should be disqualified from further representation of GEICO in this case.

GEICO argues that the Court can remediate the unfair informational advantage its counsel obtained by precluding GEICO from using or relying on any of the privileged and protected information during the litigation of this case (unless Walker presents evidence that GEICO could impeach through use of the privileged or protected documents). Precluding use of the privileged and protected information cannot, however, erase it from the minds of counsel for GEICO or prevent

GEICO from making strategic decisions in this case based on its knowledge of that information.

Under these circumstances, the rationale cited in *Abamar II* is applicable:

> "While recognizing that disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, we believe the prudent course in this case is to disqualify counsel. Like so many other ethical considerations in the practice of law, perceptions are of the utmost importance. Thus, how much of an advantage, if any, one party may gain over another we cannot measure. However, the possibility that such an advantage did accrue warrants resort to this drastic remedy for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial process."

*Abamar II*, 724 So. 2d at 573-74 (quoting *Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp.*, 483 So. 2d 505, 506 (Fla. 4th Dist. Ct. App. 1986)).[10]

In sum, counsel for GEICO testified that they believed they obtained an actual informational advantage from review of the inadvertently produced privileged and protected documents and that the information contained in those documents would support GEICO's fourth affirmative defense. Attorney Kidd's violation of Rule 26(b)(5)(B) by using and disclosing the substance of privileged and protected information after the Cunningham Law Firm notified her that it claimed privileged and protected documents were inadvertently produced supports a finding that no sanction short of disqualification can protect Walker from future improper and unfair use and disclosure of privileged and protected information.

For these reasons, I recommend that the Court disqualify the Young Law Firm as counsel for GEICO in this case.

---

[10] Counsel for Walker also recognizes the appearance of impropriety and the possible harm to Walker if they remain in the case, in light of the disclosure of Attorney Cunningham's attorney mental opinion work product. Accordingly, Attorney Cunningham announced at the evidentiary hearing that his firm will seek to withdraw as counsel for Walker and new counsel will enter an appearance on Walker's behalf with leave of Court.

B.      *Monetary Sanctions Against Counsel for GEICO.*

During the evidentiary hearing, counsel for Walker clarified that they seek monetary sanctions against counsel for GEICO, not against GEICO itself.   Counsel did not cite, however, the legal authority on which they rely to support this relief.   *See* Doc. No. 27, at 25; Doc. No. 29, at 24; Doc. No. 67, at 25.

I recognize that the Court has the inherent authority to impose sanctions for discovery misconduct.   *See, e.g., Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993).   I recommend, however, that the Court not impose monetary sanctions against counsel for GEICO in this case.   First, the sanction of disqualification is sufficiently severe to address the Young Law Firm's conduct in this case and to deter such conduct in the future.   Additionally, in my experience, once privileged and protected information is disclosed, the Court is usually called upon to decide whether the disclosure was inadvertent and whether sanctions should be imposed.   It is, therefore, likely that the Cunningham Law Firm would have been required to expend time addressing issues regarding whether the disclosure was inadvertent and whether sanctions should be imposed, even if the privileged and protected documents had been promptly returned, destroyed or sequestered and the information contained in those documents had not been used and disclosed by GEICO's counsel.

## V.      RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

A.      **GRANT** Plaintiff's Motion To Disqualify GEICO's Counsel (Doc. No. 29) and **DISQUALIFY** the law firm of Young, Bill, Boles, Palmer & Duke, P.A., including its attorneys and staff, from further representation of GEICO in this litigation;

B.      **DENY** Plaintiff's Renewed Motion for Sanctions (Doc. No. 67) to the extent that Plaintiff seeks imposition of monetary sanctions against the law firm of Young, Bill, Boles, Palmer & Duke, P.A.; and,

C.      **GIVE** GEICO a period of time deemed appropriate by the Court to retain new counsel to enter an appearance on its behalf in this case.

Alternatively, if the Court finds that privileged and protected documents in the Sutton Litigation File were not inadvertently produced, then I **RECOMMEND** that the Court deny both the motion for disqualification and the renewed motion for sanctions.

<u>NOTICE TO THE PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

**RECOMMENDED** in Orlando, Florida on September 13, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE